

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-64,017-05

### EX PARTE CHRISTOPHER EUGENE WIMBERLY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 54,705-E IN THE 27TH DISTRICT COURT FROM BELL COUNTY

**YEARY, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I agree that this applicant has not satisfied the *Elizondo* standard, which would entitle him under our jurisprudence to habeas corpus relief in the form of a new trial. *Ex parte Elizondo*, 947 S.W.2d 202, 209-10 (Tex. Crim. App. 1996). I therefore concur in the Court's judgment in this cause, with one significant caveat. I continue to disagree with the Court's use of the term of "actual innocence" to describe the status of applicants who have merely satisfied the *Elizondo* standard for obtaining post-conviction relief. *See Ex parte Cacy*, ___ S.W.3d ___, No. WR-85,420-01, 2016 WL 6471975 (Tex. Crim. App. Nov. 2, 2016) (Yeary, J., concurring) (published).

In describing the *Elizondo* burden today, the Court declares that an applicant must show, by clear and convincing evidence, that, adding his new exculpatory evidence to the evidentiary mix, "no reasonable juror could have found [him] guilty in light of the new evidence." Majority Opinion at 17 (citing *Ex parte Mayhugh*, 512 S.W.3d 285, 295 (Tex. Crim. App. 2016) (plurality opinion)).[1] The Court then further describes this admittedly "Herculean" standard as even *more* "Herculean" than it really is: it must "*unquestionably* establish [the applicant's] *actual innocence* by clear and convincing evidence." *Id*. at 19 (emphasis added). The Court then conflates these two very distinct standards at the end of its opinion, declaring that, because Applicant failed to demonstrate that no reasonable juror would have convicted him, he has not unquestionably established his innocence. *Id*. at 24.[2]

I will reiterate what I said in *Cacy*:

> Not every successful *Elizondo* applicant is necessarily literally "actually innocent." The *Elizondo* standard, on its face, does not really focus on innocence *per se*. It is, instead, an exceedingly high burden by which an applicant must show that, if newly available evidence were added to the evidentiary mix, no reasonable jury would have found the State's case to have been compelling enough to defeat the systemic *presumption* of innocence. Simply put, the State would not have been able to prove him *guilty* beyond a reasonable doubt, and a reasonable jury would be obliged to declare him *not*

---

[1] Never mind that *Elizondo* itself asks whether a reasonable juror *would* have convicted the applicant in light of the new evidence. 947 S.W.2d at 209. Somewhere along the way, the word "would" from the original articulation of the standard in *Elizondo* was converted into the word "could." *Mayhugh* itself cites *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006), and *Ex parte Tuley*, 109 S.W.3d 388, 392 (Tex. Crim. App. 2002), for its "could" formulation of the standard. *Brown* cites only *Tuley*. But *Tuley* cites nothing at all—not even *Elizondo* itself—at the point at which it converts "would" to "could."

[2] This time the Court does use the original *Elizondo* formulation of "would."

*guilty*. This is not the same as establishing that the applicant is manifestly *innocent*.

*Cacy*, 2016 WL 6471975, at *1. An applicant who has truly proven that he is "actually" or "unquestionably" innocent has undoubtedly satisfied the *Elizondo* standard. But that does not mean that every applicant who can satisfy the *Elizondo* standard has necessarily established that he is "actually" or "unquestionably" innocent. For this reason, I would avoid the innocence label altogether in this context—much less "unquestionable" innocence. Perhaps a claim under the *Elizondo* standard would better be described as a "plea for the restoration of the presumption of innocence." Or, more simply, a claim for *Elizondo* relief.

Because I agree that Applicant has not met his burden to establish that he is entitled to relief on an *Elizondo* claim, I concur in the result.


FILED:        November 1, 2017
DO NOT PUBLISH